```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
GREGORY BLUE,

        Plaintiff,
        Judgment Debtor,                    **MEMORANDUM & ORDER**

    -against-                               Civil Action No. 00-3836

CABLEVISION SYSTEMS, NEW
YORK CITY CORP.,

        Defendant,
        Judgment Creditor.
-----------------------------------------------------X
```

**APPEARANCES:**

**For the Plaintiff:**
Gregory L. Blue, pro se
P.O. Box. 5662
Hempstead, NY 11551

**For the Defendant:**
Houslanger & Associates, PLLC
372 New York Avenue
Huntington, New York 11743
By: Todd E. Houslanger, Esq.

**HURLEY, Senior District Judge:**

Plaintiff/Judgment Debtor Gregory Blue ("Blue"), proceeding pro se, has moved this Court for various items of relief, discussed infra, with respect to information subpoenas and restraining notices served upon him, as well as two banks, by defendant/judgment creditor Cablevision Systems, New York City Corp. ("Cablevision"). According to Blue, "the amount of monies stated is erroneous" and certain information subpoenas and restraining notices and

their questions and answers are inaccurate and abusive. For the reasons set forth below, the motion is denied in its entirety.

## Background

The following background information is relevant to the instant application by Blue. Blue had commenced this action alleging a violation of his civil rights. By Memorandum and Order dated April 8, 2003, the Court granted Cablevision's motion for summary judgment. (*See* Docket No. 50.) As the prevailing party, Cablevision filed a bill of costs. (*See* Docket No. 58.) However, as Blue filed a notice of appeal from the Order granting summary judgment (*see* Docket No. 52), the Court directed that the Clerk take no action on the application for the taxation of costs and that the application could be reinstated within thirty days of the disposition of the appeal (*see* Docket No. 53).

By letter dated December 3, 2003, counsel for Cablevision advised the Court that the Second Circuit had affirmed the Order granting summary judgment and requested that the application for taxation of costs at the District Court be reinstated. (*See* Docket No. 55). By Order dated April 7, 2004, despite Blue's objections to the request for costs, this Court upheld the taxation of district court costs in the amount of $2,290.25 and, on February 4, 2004, judgment was entered in favor of Cablevision for that amount. (*See* Docket Nos. 59, 60, 61, and 63.)

As the prevailing party on the appeal, Cablevision also sought costs in the Second Circuit. By Order dated November 17, 2004, the Second Circuit awarded Cablevision appeal costs in the amount of $1,005.00. Judgment for appeal costs was docketed on December 7, 2004. (*See* Docket No. 64).

Thereafter, Cablevision proceeded to try to collect the $ 3,295.25 ($2,290.25 plus $1,005.00) judgment. Among other thing Cablevision served restraining notices and information subpoenas upon Washington Mutual Bank and Bank of America, as well as on Blue himself. According to Cablevision's submission on the instant motion, the judgment was docketed with the Nassau County Clerk on January 11, 2005 and of the original amount only the sum of $1,619.37 remains unpaid.

## *Discussion*

### I. The Amount of the Judgment

In his motion, Blue states that he does not owe Cablevision monies as a "consumer transaction" and the "amount of monies stated is erroneous and without merit," citing as support therefore the Second Circuit Order taxing costs in the amount of $1005.00. However, as detailed above, costs were taxed against Blue by both the district court and the Second Circuit. The Second Circuit's taxation of costs did not affect the amount of courts taxed in the district court. Rather, by the Second Circuit's order Blue became liable for $1005.00 in appellate costs in addition to the $2,290.25 in district court costs. Accordingly, $3,295.25 is the correct amount of the judgment.

### II. The Restraining Notices and Information Subpoenas

Blue challenges the accuracy of information subpoenas served upon Washington Mutual Bank, FA and Bank of America, both dated February 5, 2005. It is unclear exactly how Blue claims the subpoenas are inaccurate. Accordingly, the court shall examine the subpoenas for

their compliance with N.Y. CPLR 5222.[1]

Section 5222(a) sets forth the requirements for the form of restraining notices. They are as follows:

> It shall specify all of the parties to the action, the date that the judgment or order was entered, the court in which it was entered, the amount of the judgment or order, and the amount due thereon, the names of all parties in whose favor and against whom the judgment or order was entered, it shall set forth subdivision (b) and shall state that disobedience is punishable as a contempt of court, and it shall contain an original signature or copy of the original signature of the clerk of court or attorney or the name of the support collection unit which issued it.

N.Y. CPLR 5222 (a).

To the extent Blue is challenging the accuracy of the subpoenas because the notices state the amount of the judgment is $3,295.25, the challenge is dismissed. As set forth above, the judgment against Blue in this action totals $3,295.25. Moreover, having examined the restraining notices at issue, the Court finds that they comply in all respects with the requirements of CPLR 5222(a). Finally, the Court notes that the restraining notices to Bank of America and Washington Mutual Bank have long since expired. According to Cablevision, the subpoenas were served upon the banks in February 2005. CPLR 5222(b) provides, in pertinent part, that the person served with a restraining notice is restrained "until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever

---

[1] Rule 69 of the Federal Rules of Civil Procedure provides in pertinent part that "The procedure on execution, in proceedings supplementary to and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held . . . ." Fed. R. Civ. P. 69(a). Accordingly, Cablevision's utilization of information subpoenas and restraining notices as authorized by New York law, *see* N.Y. CPLR 5222, 5223 & 5224, was proper.

event first occurs." N.Y. CPLR 5222(b).

Accordingly, the Court concludes that there is no basis to challenge the notices served upon the two banks.

Blue also seeks relief from answering the questions contained in the information subpoena and restraining notice and Questions and Answers in connection therewith that was served upon him personally. According to Blue, they are "abusive and without legal ethics."

CPLR 5223 provides the authority for the issuance of subpoenas and CPLR 5224 details the kinds of subpoenas that may be served and how they are to be serve. CPLR 5223 provides:

> At any time before a judgment is satisfied or vacated, the judgment creditor may compel disclosure of all matter relevant to the satisfaction of the judgment, by serving upon any person a subpoena, which shall specify all of the parties to the action, the date of the judgment, the court in which it was entered, the amount of the judgment and the amount then due thereon, and shall state that false swearing or failure to comply with the subpoena is punishable as a contempt of court.

N.Y. CPLR 5223. Information subpoenas are authorized by CPLR 5224(a)(3).

The information subpoena served upon Blue complies with the requirements of CPLR 5223 and 5224. The Court has examined the questions contained in the subpoena and finds that they seek disclosure of matters relevant to the satisfaction of the judgment. Among other things the subpoena seeks information regarding assets held by Blue including real property, bank accounts, stocks, safe deposit boxes, and other valuables. It also seeks information regarding sources of income, such as employment, testamentary gifts and business ownership.

The Court also finds that while extensive, the questions are neither improper nor abusive.

Accordingly, Blue's request for relief from answering the information subpoena is denied.[2]

*Conclusion*

For the reasons set forth above, the motion of Plaintiff/Judgment Debtor Gregory Blue (Docket No. 68) is denied.

Dated: Central Islip, New York
      July 5, 2006

                                              /s/
                                              Denis R. Hurley
                                              Senior District Judge

---

[2] In its response, Cablevision requests that the Court direct Blue to respond to the questions contained in the information subpoena. In the absence of a properly served motion, the Court declines to do so. However, the Court reminds Blue that pursuant to CPLR 5223, the failure to comply with the subpoena is punishable as a contempt of court.